UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN FLORES-AYAR,<br><br>Defendant. | Case No. 15-cr-00122-EMC-1<br><br>**ORDER GRANTING UNITED STATES' MOTION TO STAY PETITION UNDER 28 U.S.C. § 2255**<br><br>Docket No. 182 |

On June 24, 2016, Defendant Jonathan Flores-Ayar moved to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, challenging his 84-month consecutive sentence imposed on his guilty plea to violating 18 U.S.C. § 924(c) predicated on his conspiracy to commit an armed robbery in violation of 18 U.S.C. § 1951(a) ("Hobbs Act conspiracy"). Docket No. 106. In the motion, Defendant argues: (1) Defendant's conviction for Hobbs act conspiracy does not constitute a crime of violence, for purposes of application of § 924(c)(3); and (2) the residual clause of § 924(c)(3) is unconstitutionally vague in light of *Johnson v. U.S.*, 135 S Ct. 2551 (2015) and *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2010). *Id.* at 2-11. On August 26, 2016, the government filed its opposition to Defendant's motion. Docket No. 176. Pending before the Court is the United States' motion to stay proceedings on Defendant's motion due to the Supreme Court's grant of certiorari in *Lynch v. Dimaya*, 2016 WL 3232911 (Sept. 29, 2016). Docket No. 182.

The Court stays Defendant's motion until the Supreme Court decides *Dimaya* for the following reasons.

First, the Court finds that *Dimaya* is likely to have a direct bearing on Defendant's motion because Defendant's argument regarding the invalidity of the residual clause relies heavily on

extending the holding of *Dimaya* to § 924(c)(3). Staying the proceedings until the Supreme Court provides further guidance on the issue which could have a direct bearing on Defendant's motion will promote judicial economy.

Second, Defendant is not likely prejudiced by a temporary stay pending the Supreme Court's ruling in *Dimaya* this term. To date, Defendant has served approximately 14 months of his 84-month-and-1-day sentence. Even if the Court were to ultimately grant Defendant's motion and vacate his conviction under § 924(c)(3), his conviction for Hobbs Act conspiracy remains; the conviction has a Guidelines range of 70-87 months. Defendant failed to show that he would be sentenced for a significantly shorter period of time than the recommended range on the Hobbs Act claim alone, were he to be resentenced. In short, there is scarce chance that he would be released from custody before the end of the Supreme Court's current term in June 2017 even if he prevailed on the pending motion.

In opposing the government's motion, Defendant relies on *Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000), in which the Ninth Circuit held that the lower court abused its discretion by staying a habeas petition pending resolution of an appeal in a case before the Ninth Circuit that presents similar issues. The court in *Yong* reasoned that "although considerations of judicial economy are appropriate, they cannot justify the indefinite, and potentially lengthy, stay imposed" in the case. *Id.* at 1120-21. However, *Yong* is distinguished from the instant case because the government does not seek an indefinite stay. Unlike the appeal in *Yong* which was subject to potentially years of further review, the Supreme Court is likely to conclusively decide *Dimaya* in less than 6 months. *See United States v. Beane*, 2016 WL 4045392, at *2 (N.D. Cal. July 28, 2016) (distinguishing *Yong* because "[u]nlike the appeal at issue in *Yong* which was subject to further review, the Supreme Court is likely to decide conclusively the question presented in *Beckles* whether *Johnson* applies retroactively to collateral challenges to sentence enhancements applied under the residual clause of the guidelines"). Moreover, unlike *Young* where the grant of the habeas petition would likely result in immediate relief to the petitioner, for the reasons stated above, granting Flores-Ayar's motion is not likely to have any immediate consequence during the length of the temporary stay ordered herein.

Thus, the Court grants the government's motion for stay.  The Court sets a Status Conference for July 12, 2017 at 2:30 p.m.

This order disposes of Docket No. 182.

**IT IS SO ORDERED**.

Dated: January 27, 2017

_____
EDWARD M. CHEN
United States District Judge