1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

FLORES-AYAR,

Defendant.

Case No. 15-cr-00122-EMC-1

**ORDER GRANTING UNITED STATES'
MOTION TO CONTINUE TO STAY
PETITION UNDER 28 U.S.C. § 2255**

Docket No. 240

On June 24, 2016, Defendant Jonathan Flores-Ayar moved to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, challenging his 84-month consecutive sentence imposed on his guilty plea to violating 18 U.S.C. § 924(c) predicated on his conspiracy to commit an armed robbery in violation of 18 U.S.C. § 1951(a) ("Hobbs Act conspiracy"). Docket No. 106. In the motion, Flores-Ayar argues: (1) his conviction for Hobbs act conspiracy does not constitute a crime of violence, for purposes of application of § 924(c)(3); and (2) the residual clause of § 924(c)(3) is unconstitutionally vague in light of *Johnson v. U.S.*, 135 S Ct. 2551 (2015), and *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2010). *Id.* at 2-11. On October 4, 2016, the United States moved to stay proceedings on Flores-Ayar's motion due to the Supreme Court's grant of certiorari in *Lynch v. Dimaya*, 2016 WL 3232911 (Sept. 29, 2016), Docket No. 182, which the Court granted on January 27, 2017, Docket No. 210.

Pending before the Court is the United States' motion to continue to stay petition under 28 U.S.C. § 2255, given that the Supreme Court set *Dimaya* for reargument during the October 2017 term. Docket No. 240. The Court grants the motion because continuing the stay until resolution of *Dimaya* will not likely prejudice Defendant Flores-Ayar.

In his response brief filed on July 19, 2017, Flores-Ayar concedes that the range of his

1   advisory custodial sentence is 57-71 months.  Docket No. 243 at 2.  Since Flores-Ayar has served

2   approximately 31 months, if the Court imposes a low-end sentence of 57 months, he would be

3   released from custody in August 2019.  *Id.*  If he is given credit for time served, Flores-Ayar will

4   not be released until December 2018 under that Guideline sentence.  The Supreme Court will

5   likely issue a decision on *Dimaya* well before June 2018 (re-argument has been set for October 2,

6   2017).  While the Court is not prejudging whether Flores-Ayar might receive a downward

7   variance were he to be sentenced without the Section 924(c) conviction, it is unlikely that he will

8   be prejudiced by continuation of the stay.

9        Thus, the Court grants the government's motion to continue the stay.  The Court sets a

10  Status Conference for December 13, 2017 at 2:30 p.m.

11       This order disposes of Docket No. 240.

13       **IT IS SO ORDERED**.

15  Dated: August 2, 2017

16  _____

17  EDWARD M. CHEN
    United States District Judge

2